UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 10-22101-CV-COOKE/TURNOFF

CLARA BENDER and
CAROLYN MODESTE,

    Plaintiffs,

v.

MIAMI SHORES VILLAGE, a
Florida Municipal Corporation,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff Clara Bender's ("Bender") Motion to Sever Co-Plaintiff Carolyn Modeste from the Instant Litigation **[DE14]**, and an Order of Referral entered by the Honorable Marcia G. Cooke **[DE28]**. A hearing on this motion took place before the undersigned on May 5, 2011. **[DE31]**.

Upon review of the Motion **[DE14]**, the Response, the court record, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

This action was filed by Bender and Carolyn Modeste ("Modeste") on April 16, 2010 against their common employer, Miami Shores Village ("Defendant" or "Village"). The complaint alleges, among other things, discrimination based on race and gender, in violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981 and Title VII. **[DE 1]**. The case was originally filed in the Eleventh Judicial

Circuit in and for Miami-Dade County, State of Florida. Id. It was removed to this Court on June 25, 2010 on grounds of federal question jurisdiction. Id. at ¶ 3.

Both Plaintiffs allege that they were subjected to acts of discrimination because they are both African-American females. **[DE14 ¶ 2]**. The factual allegations surrounding this action are memorialized in the underlying Complaint. Compl. ¶¶ 11-55 **[DE1-2]**. As such, for present purposes, a recitation of same is not necessary.

By way of summary, the Complaint alleges that Bender was employed with the Village as a Data Processing Specialist for approximately fifteen (15) years. Id. at ¶ 11. From 1995-2007, she received the highest possible ratings on her annual performance evaluations. Id. at ¶ 12. During that time, she was never the subject of any disciplinary action. According to Bender, things changed in the Spring of 2007, when the newly hired Finance Director, Holly Hugdahl, began treating Bender and other female African American employees in a hostile and discriminatory manner. Id. at ¶14. Bender contends that this is due, in part, to her having witnessed the wrongful termination of Yolanda Thomas, another female African American in August of 2006. Id. at ¶ 15. In this connection, Thomas named Bender as a potential witness in her EEOC claim. Id. Because of this, Bender claims that she was demoted without cause, given a heavier workload, humiliated in front of others, and threatened with termination. Id. at ¶¶ 50-53.

Modeste was employed with the Village as a Comptroller for approximately eleven (11) years. Id. at ¶ 46. Prior to the events that gave rise to this action, she had never been given a negative evaluation or subjected to disciplinary action. Modeste claims that she became the target of discrimination in 2008, after Bender filed her EEOC complaint against the Village. Id. at ¶ 48-50. Modeste was listed as a witness on both Bender and Thomas' EEOC claims. Id. at ¶ 54.

Modeste likewise claims that she was subject to harassment, humiliation, and threats. Id. at ¶¶ 50-53. She also alleges that she was ordered to perform duties outside of the scope of her work under the threat of termination. Id. at ¶50. Modeste, like Bender, filed a complaint with the EEOC. Both Plaintiffs received their "right to sue" letter on January 11, 2010. **[DE1-2]**.

A few month later, on or about May 5, 2010, Modeste was indicted by a Grand Jury and charged with multiple counts of grand theft related to her employment with Defendant. **[DE14, ¶ 3]**. Because Modeste's picture and name appeared on local television and newspapers, Bender argues that a negative inference now exists for Modeste and anyone associated with her. Id. at ¶ 4. She seeks a severance in order to prevent any prejudice to her case arising out of Modeste's activities. Id. at ¶ 9.

### Standard of Review

The Supreme Court has found that "under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). The decision to sever a claim or to try it separately is a matter to be decided on a case-by-case basis, and is left to the broad discretion of the trial court. See Idzojtic v. Penn. R.R. Co., 456 F.2d 1228, 1230 (3d Cir. 1971); Lis v. Robert Packer Hospital, 579 F.2d 819, 824 (3d Cir. 1978) (Rule 42(b)); Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Penn., Inc., 49 F. Supp. 2d 709, 721 (D.N.J. 1999); Grigsby v. Kane, 250 F. Supp. 2d 453, 456 (M.D.Pa. 2003) (Rule 21).

### Analysis

The moving party bears burden of proving that separate trials are justified. See F & G Scrolling Mouse L.L.C. v. IBM Corp., 190 F.R.D. 385, 387 (M.D.N.C. 1999); Cordero v. AT&T, 190 F.R.D. 26, 27 (D.P.R. 1999); Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 620 (N.D.Ill. 2000). Pursuant to Rule

3

42(b), Bender seeks severance of her co-plaintiff, Modeste. **[DE14 ¶ 1]**. Defendant opposed the motion. **[DE25]**.

Here, Defendant argues that Bender's motion is procedurally improper because it confuses Rule 42, which governs the separation of trials, and Rule 21, which governs severance of claims. Id. The distinction between the two procedural devices concerns the appealability of an order terminating the proceedings in a partitioned piece of the litigation. See Acevedo-Garcia v. Monroig, 351 F.3d 547, 559 (1st Cir. 2003). The judgment in a severed action is "final, enforceable and appealable when it disposes of all parties and issues." Id. Conversely, "the order entered at the conclusion of a separate trial is often interlocutory because a final and appealable judgment cannot be rendered until all of the controlling issues have been tried and decided." Id.

The distinction between the two has created some confusion because even though severance and separation of trials are two distinct concepts, courts have used the terms interchangeably. Id. at 558-9. The Court in Acevedo-Garcia, in deciding whether Rule 21 or 42(b) was appropriate, laid out the differences:

> Rule 21 furnishes the mechanism for separating a case into separate actions, i.e, severance: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Rule 42(b), on the other hand, authorizes courts to divide a single action into separate trials that remain under the umbrella of the original solitary action.

Id. Here, where Bender is not seeking to separate issues, but instead is looking to sever her joinder with the co-plaintiff, seeking severance under Rule 21 would have been more appropriate.

In any case, the distinction is of little consequence at the trial level because both rules provide the Court with the same wide discretion to order severance. Acevedo-Garcia v. Vera-Monroig 204

4

F.R.D. 26, 30 (D.P.R. 2001). Accordingly, the Court will consider the same set of factors in deciding whether to sever the claims of the plaintiffs under Rule 21 or whether to order separate trials under Rule 42, to wit: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. See Morris v. Northrop Grumman Corp., 37 F.Supp. 2d 556, 580 (E.D.N.Y. 1999).

*Whether the Claims Arise Out of the Same Transaction or Occurrence*

Here the Plaintiffs are both African-American co-workers working under the same authority, for the same municipality, and are alleging a common pattern of discrimination that has led a total of five (5) female African-American employees to file a complaint against the Village over the last fourteen (14) years. **[DE 1-2 ¶¶ 9,11,46] [DE 14 ¶ 2] [DE 15 ¶ 16]**. Accordingly, the claims were properly joined under Rule 20(b), as they do arise out of the same transaction or occurrence. Therefore, the first factor weighs against severance.

*Whether the Claims Present Some Common Questions of Law or Fact*

Plaintiffs are both suing under the Civil Rights Act of 1991 and Title VII. Both Plaintiffs seeks the same relief. **[DE 14 ¶ 1]**. Both claims present common issues of law and fact. Accordingly, in this Court's view, they were properly joined under Rule 20(b). Therefore, the second factor likewise favors a unitary trial.

*Whether Settlement of the Claims or Judicial Economy Would Be Facilitated*

As noted *supra*, Plaintiffs are both suing the same Defendant for the same pattern of discrimination. As indicated above, there are witnesses and evidence that are common to both Bender

5

and Modeste. Therefore, the cost of having separate discovery periods and trials does not facilitate judicial economy. Id. Accordingly, the third factor equally weighs against severance.

*Whether Prejudice Would be Avoided if Severance Was Granted*

Bender argues that her relationship with Modeste will prejudice her case, but fails to specifically show how severance at this stage in the litigation would remedy any prejudice. Id. at 5. Defendant, on the other hand, argues that it will be prejudiced by separate trials because it will be "forced to incur the costs of conducting duplicative and redundant discovery." **[DE25]**. The undersigned agrees.

In deciding whether to order separate trials, the court should balance the prejudice against those seeking bifurcation versus those that "will be prejudiced by considerable delay if the court orders separate trials and separate discovery periods." Laitram Corp. v. Hewlett-Packard Co. 791 F.Supp. 113, 115-116 (E.D.La. 1992). Here, Bender seeks to sever her case from Modeste's out of fear that if severance is denied, "her right to receive a fair and impartial trial will be severely prejudiced by the identifying of Mrs. Modeste as her co-plaintiff, or by associating the alleged criminal activity of Mrs. Modeste with her." **[DE 14 ¶ 1]**.

Bender, however, fails to show how severance would remedy any potential prejudice related to her relationship with Modeste. For example, Defendant could still bring up her association with Modeste in Bender's individual trial, and has already indicated that it intends to do so. Id. Bender also fails to demonstrate that there would be any prejudice at the discovery stage of the litigation because any potential prejudice caused by Modeste's indictment would not arise until the matter goes to trial. In sum, Bender has not met her burden of demonstrating that separate trials are justified because she has not shown that the prejudice against her at this stage in the litigation outweighs the prejudice of

considerable cost and delay against the non-moving party. Therefore, the fourth factor also favors denial of her motion.

*Whether Different Witnesses and Documentary Proof Are Required for the Separate Claims*

Here, Bender does not claim that different witnesses or documentary proof would be needed for each trial. In fact, the record reveals quite the contrary – most of the witnesses and evidence would be the same. Accordingly, the fifth factor also favors a single trial.

### Conclusion

Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Plaintiffs's Motion to Sever Co-Plaintiff Carolyn Modeste from the Instant Litigation **[DE14]** be **DENIED**.

Pursuant to Local Magistrate Rule 4 (b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1998); cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 6th day of June 2011.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Marcia G. Cooke
Counsel of Record